**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JUAN VIANEZ,

    Petitioner - Appellant,

v.

WARDEN AT FLORENCE, CO,

    Respondent - Appellee.

No. 23-1305
(D.C. No. 1:23-CV-02281-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

On September 1, 2023, appellant Juan Vianez, a prisoner at the United States

Penitentiary, Administrative Maximum Facility in Florence, Colorado, filed in the

United States District Court for the District of Colorado a short but rambling

handwritten pleading raising several vague complaints about his treatment. The

district court characterized the pleading as an application for a writ of habeas corpus

under 28 U.S.C. § 2241.

Since August 2014 Mr. Vianez has been under filing restrictions imposed by

the Colorado federal district court. *See Vianez v. United States*, No. 14-cv-01363-

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

LTB, ECF No. 7 (D. Colo. Aug. 12, 2014) (Filing Restrictions). The restrictions were imposed after the court found that he was either "incapable of complying with" the court's orders or was "maliciously and purposely filing nonsensical pleadings in an attempt to abuse the federal judiciary system." *Id.* at 4–5. The restrictions are set forth in the margin. [1]

---

[1] "[T]o obtain permission to proceed pro se, Plaintiff must take the following steps:

1. File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action;"
2. Attach to the motion a copy of the injunction that imposes these recommended filing restrictions;
3. Attach to the motion a completed court-approved prisoner complaint or habeas form and either pay the [$402] filing fee for a complaint or a $5 filing fee for a habeas, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this court and applicable to the action being filed, and attach a certified inmate account statement as required;
4. Attach a list of all prisoner complaints and 28 U.S.C. § 2241 actions Mr. Vianez currently has pending or has filed in all federal district courts; and
5. Attach a notarized affidavit that certifies Mr. Vianez has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado."

Filing Restrictions at 5–6.

2

Because Mr. Vianez did not comply with the filing restrictions when he filed his application under § 2241, the district court dismissed the case without prejudice. He has filed a timely notice of appeal.

Mr. Vianez's pro se brief in this court claims to raise two issues: denial of the right to bail and denial of a right to jury trial. The brief does not explain the basis of those claims nor connect them to the allegations in his original district-court pleading.

More importantly, Mr. Vianez's brief does not challenge the validity of the district court's filing restrictions or contend that he conformed to them. These failures waive his right to appellate review of the dismissal. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (appellant must explain why district court's decision was incorrect); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (pro se litigants must follow the same rules of procedure that govern all litigants and failure to adequately brief an issue constitutes waiver).

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** the district court's dismissal of Mr. Vianez's § 2241 application and **DENY** his request to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge

3